**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MATTHEW G. GRANTHAM**
Bowers, Brewer, Garrett & Wiley, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Oct 01 2012, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL D. WOOD,                    )
                                    )
    Appellant-Defendant,        )
                                    )
      vs.                    )   No.  35A02-1204-CR-285
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.         )

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
Cause No.  35D01-1105-FD-84

**October 1, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Michael Wood ("Wood") appeals his one-year aggregate sentence and recommended two-year driving privilege suspension for Possession of Marijuana as a Class A misdemeanor, Possession of Paraphernalia as a Class A misdemeanor, and Operating a Vehicle with .15 or More Blood Alcohol Content as a Class A misdemeanor. He presents one issue for our review: whether the trial court's recommendation that his driving privileges be suspended is appropriate in light of the nature of his offense and his character.

We affirm.

**Facts and Procedural History**

On April 30, 2011, a motorist informed Eric Sands ("Officer Sands") of the Markle Police Department that he had witnessed a vehicle abruptly pull to the side of Interstate 69, and that when he had offered assistance, the driver was unresponsive and acted strangely. Officer Sands eventually found Wood in the vehicle on the side of Interstate 69 in Huntington County, Indiana. Officer Sands observed that Wood's eyes were red and watery, his speech was slurred, and he was confused and slow to respond. After repeated requests to unlock and open the door, Wood fumbled around in the vehicle, turned the windshield wipers on and off, turned the radio volume up and down, attempted to get the car into gear, and eventually unlocked the door with his elbow. Wood was unable to unfasten his seatbelt, and had difficulty handing Officer Sands his driver's license. Officer Sands smelled alcohol in the vehicle, and Wood stated that he was "too drunk" and that he "should not be driving." (Appellant's App. at 51.) Wood had difficulty exiting the vehicle and standing on his own.

Officer Sands handcuffed Wood, and assisted him to his police vehicle with the assistance of another officer. Wood consented to take a certified breath test, and Officer Sands transported Wood to a local hospital for a blood draw. En route, Officer Sands learned that other officers had discovered marijuana and a smoking pipe in Wood's vehicle. Approximately eighty to ninety minutes after he was last seen driving, Wood's blood draw indicated a blood alcohol content of 0.264.

On May 2, 2011, the State charged Wood with Possession of Marijuana as a Class D felony,[1] Possession of Paraphernalia as a Class A misdemeanor,[2] Operating a Vehicle with .15 or More Blood Alcohol Content as a Class A misdemeanor,[3] and Operating While Intoxicated as a Class C misdemeanor.[4] On January 31, 2012, the trial court entered a judgment of conviction after Wood pled guilty to Possession of Marijuana as a Class A misdemeanor, Possession of Paraphernalia as a Class A misdemeanor, and Operating a Vehicle with .15 or More Blood Alcohol Content as a Class A misdemeanor. On March 6, 2012, the court held a sentencing hearing and imposed an aggregate sentence of one year imprisonment; ordered fines, fees and court costs of $2515 to be paid in full by January 29, 2013; and recommended suspension of Wood's driving privileges for two years.

Wood now appeals.

---

[1] Ind. Code § 35-48-4-11 (2010). Relevant section modified, effective July 1, 2011. We refer to the version of the statute in force at the time of the alleged crime.

[2] I.C. § 35-48-4-8.3(b).

[3] I.C. § 9-30-5-1(b).

[4] I.C. § 9-30-5-2(a).

**Discussion and Decision**

Wood was convicted of three Class A misdemeanors. A Class A misdemeanor carries a sentence of up to one year in prison, with a possible fine of up to $5,000.[5] During the sentencing hearing, the trial court identified the following aggravating circumstances: (1) nine prior felony offenses, (2) sixteen prior misdemeanor offenses, and (3) ten petitions to revoke driving privileges. (Tr. 51.) The court identified no mitigating circumstances. Here, the trial court was required to recommend suspension of Wood's driving privileges for at least one year, but not more than two years.[6] The court imposed on Wood an aggregate sentence of one year imprisonment with a fine of $1,350, and recommended suspension of Wood's driving privileges for two years. Wood contends that the trial court's recommendation that his driving privileges be suspended is inappropriate in light of the nature of the offense and his character.

Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), even though a trial court may have acted within its lawful discretion in determining a criminal sentence. Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007). One of the main roles of appellate review is to "leaven the outliers." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). An appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in

---

[5] I.C. § 35-50-3-2.

[6] I.C. § 9-30-5-10(d).

4

light of the nature of the offense and the character of the offender." App. R. 7(B). Sentencing is principally discretionary, and we give considerable deference to a trial court's judgment. Cardwell, 895 N.E.2d at 1222. Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances. See id. at 1224. Appropriateness may turn on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id.

As to the nature of his offenses, Wood asks us to consider his claims that he recognized at some point that he was unfit to drive and pulled over, that he displayed no erratic or dangerous driving behavior besides abruptly pulling over to the side of the road, and that he had neither marijuana nor any other controlled substance in his system. However, after his arrest Wood's blood alcohol content was 0.264, more than three times the legal limit,[7] and Officer Sands first made contact with Wood because a concerned motorist reported Wood to be driving erratically. (Appellant's App. at 51.)

As to his character, Woods urges us to consider that his behavior seemed to improve following his release from the Indiana Department of Correction in 2003. He asks us to consider that prior to sentencing he successfully completed an intensive outpatient program, continued to participate in individual counseling, and attended Alcoholics Anonymous meetings. Finally, he asks us to consider that he lives in Anderson, Indiana, and must commute to his place of employment in Fort Wayne, Indiana. However, Wood's extensive record of criminal offenses, including at least ten arrests and at least eight convictions for

---

[7] The legal limit in Indiana is a blood alcohol content of 0.08. I.C. § 9-30-5-1(a).

operating while intoxicated, indicates that he holds little regard for legal prohibitions on drinking and driving. (Appellant's App. at 60-66.) Furthermore, he was convicted on at least two separate occasions of violating a lifetime suspension of his driving privileges. Id. at 63-66. Taken together with the nature of his offenses, none of this so distinguishes Wood as to warrant reduction of the trial court's recommendation that his driving privileges be suspended. Thus, we cannot agree with Wood's argument that the trial court's recommendation is inappropriate.

## Conclusion

The trial court's recommendation that Wood's driving privileges be suspended is not inappropriate in light of the nature of the offenses and his character.

Affirmed.

RILEY, J., and CRONE, J., concur.